Kya B. Marienfeld (UT # 16304)
SOUTHERN UTAH WILDERNESS ALLIANCE
P.O. Box 968
Moab, UT 84532
(435) 259-5440
kya@suwa.org

Stephen H.M. Bloch (UT # 7813)
SOUTHERN UTAH WILDERNESS ALLIANCE
425 East 100 South
Salt Lake City, UT 84103
(801) 486-3161
steve@suwa.org

Attorneys for Plaintiff
Southern Utah Wilderness Alliance

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SOUTHERN UTAH WILDERNESS ALLIANCE, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR, UNITED STATES BUREAU OF LAND MANAGEMENT, and CHRISTOPHER CONRAD, in his official capacity as Price Field Office Manager, <br><br> Defendants. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** <br><br> Case No. 2:19-cv-00233-BCW |

## INTRODUCTION

1. This lawsuit challenges a decision by the Department of the Interior, the Bureau of Land Management, and Price Field Office Manager Christopher Conrad, in his official capacity (collectively, "BLM"), to issue a final environmental assessment (Final EA), Finding of No Significant Impact and Decision Record (FONSI-DR) for the Tavaputs Plateau Sage-Grouse Habitat Restoration project (hereinafter referred to as the "Tavaputs Project").

2. The Tavaputs Project is primarily located on federal public lands managed by the Bureau of Land Management's Price field office.

3. The Tavaputs Project consists of two phases of planned vegetation treatments in a 4,048-acre analysis area in the Tavaputs Plateau region of east-central Utah.

4. The Tavaputs Project is designed to remove native tree species—pinyon pine and juniper—through various methods, including mastication of live trees.

5. Mastication involves uprooting trees where they stand and shredding them by means of a wood chipper/mulcher mounted to a large front-end loader driven cross-country through a project area. This treatment method is commonly known as "bull-hogging."

6. The removal of pinyon pine and juniper through mastication is considered a form of mechanical treatment and constitutes surface-disturbing activity.



Above: A bullhog masticator mulching a juniper tree.

7. Of the 4,048-acre Tavaputs Project analysis area, 2,546 acres fall within two designated Wilderness Study Areas (WSAs).

8. 1,560 acres of the Tavaputs Project would occur in the Desolation Canyon WSA.

9. 986 acres of the Tavaputs Project would occur in the Jack Canyon WSA.

10. BLM's approval of surface-disturbing, mechanical treatments within 2,546 acres of WSAs violated the Federal Land Policy and Management Act (FLPMA), which requires that BLM manage the public lands in accordance with land use plans developed by the agency. Here, BLM did not follow the express terms of the Price resource management plan with regard to management of WSAs.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action pursuant to FLPMA, 43 U.S.C. §§ 1701 *et seq*., and its implementing regulations; 28 U.S.C. § 1331 (federal question); 28 U.S.C. §§ 2201-2202 (declaratory and injunctive relief); and 5 U.S.C. §§ 501-706 (Administrative Procedure Act, or "APA").

12. Venue is proper in the United States District Court for the District of Utah, Central Division, pursuant to 28 U.S.C. § 1391(e)(1) because the statutory violations alleged herein all occurred within the state of Utah, and because Plaintiff Southern Utah Wilderness Alliance resides in Salt Lake County, Utah.

13. BLM's FONSI-DR for the Tavaputs Project constitutes final agency action.

## PARTIES

14. Plaintiff SOUTHERN UTAH WILDERNESS ALLIANCE (SUWA) is a non-profit environmental membership organization dedicated to the preservation of outstanding wilderness found throughout Utah, including in the Tavaputs Plateau region, and the management of wilderness-quality lands in their natural state for the benefit of all Americans. SUWA is headquartered in Salt Lake City, Utah, and has members in all fifty states and several foreign countries. SUWA's members use and enjoy public lands throughout Utah for a variety of purposes, including scientific study, recreation, wildlife viewing, hunting, aesthetic appreciation, and financial livelihood. SUWA promotes local and national recognition of the region's unique character through research and public education and supports administrative and legislative initiatives to permanently protect Utah's wild places.

15. SUWA members frequently visit and recreate throughout the Tavaputs Plateau, including within the Jack Canyon and Desolation Canyon WSAs. Mr. Ray Bloxham, an

employee and member of SUWA, has visited the public lands where the Tavaputs Project is located on numerous occasions over the past fifteen years, most recently in 2016. Mr. Bloxham has plans to return often to this area, by the fall of 2019 if not sooner, and intends to continue to visit the area for years to come. Mr. Bloxham particularly enjoys the incredible scenic views and remote and largely untrammeled nature of the area, abundant wildlife, and the native and endemic vegetation on his visits. SUWA brings this action on its own behalf and on behalf of its members.

16.   SUWA and its members' interests have been directly affected and irreparably harmed, and continue to be affected and harmed, by BLM's FONSI-DR for the Tavaputs Project and the implementation of this project in violation of FLPMA and the APA. As a result of BLM's legal failings, the mechanical shredding of pinyon and juniper trees, along with the removal and destruction of other native vegetation, and accompanying surface disturbance will cause immediate, as well as sustained and prolonged damage to the environment. This will impair Plaintiff's staff and members' use and enjoyment of the public lands within the project area, as well as adjacent public lands. SUWA and its members also have a substantial interest in seeing that BLM complies with its land management standards and obligations under FLPMA, its implementing regulations, and BLM's own binding policies in furtherance thereof. The relief sought herein will redress these harms.

17.   Defendant UNITED STATES DEPARTMENT OF THE INTERIOR is the federal agency responsible for managing approximately five hundred million acres of federal public land across the United States for a variety of competing resources, including the protection of the natural and human environment.

18. Defendant BUREAU OF LAND MANAGEMENT (BLM) is the agency within the United States Department of the Interior that is responsible for the management of approximately twenty-three million acres of federal public land in Utah, including the land at issue in this litigation. BLM is directly responsible for carrying out the Department of the Interior's obligations under statutes and regulations governing land use management and for complying with FLPMA, which requires the agency to manage public land resources for both present and future generations.

19. Defendant CHRISTOPHER CONRAD is the Price BLM's Field Office Manager and is charged with overseeing BLM's activities in that office. Field Office Manager Conrad approved the Final EA and signed the FONSI-DR.

**FACTS GIVING RISE TO SUWA'S CAUSE OF ACTION**

**I.    Area Description**

20. The Tavaputs Project area is located on 4,048 acres of primarily BLM-managed lands in east-central Utah, in Carbon County.

21. The greater Tavaputs Plateau, which stretches from east-central Utah to western Colorado, is part of the Colorado Plateau and is considered one of Utah's most rugged areas. Its most prominent characteristics are a remarkable combination of uplift and erosion, which both lifted the two-mile-thick block of Cretaceous and Tertiary sedimentary strata and placed it directly in the path of the Green River, scouring the river channel ever-deeper until the Tavaputs Plateau was cut in half. The Tavaputs Project approves vegetation removal activities on the western half of the bisected plateau.

22.     The Tavaputs Project occurs one mile from the western rim of Desolation Canyon, an 84-mile segment of the Green River that is nearly as deep as the Grand Canyon and bisects the Tavaputs Plateau from north to south.

23.     2,546 acres of the Tavaputs Project area overlap the Desolation Canyon and Jack Canyon WSAs.



Above: Cedar Ridge, within the Desolation Canyon WSA.

## II.     Desolation Canyon and Jack Canyon Wilderness Study Areas

24.     WSAs are roadless areas inventoried by BLM of 5,000 acres or more and determined to contain wilderness characteristics: they are in a generally natural condition, have outstanding opportunities for solitude, or a primitive or unconfined type or recreation. Most WSAs also contain ecological, geological, or other scenic, scientific, or historical supplemental values.

25. Once a WSA is established, FLPMA instructs BLM that it must manage the area to preserve its wilderness characteristics, so as not to impair the suitability of the WSA for future preservation as wilderness.

26. The Desolation Canyon WSA, established via the FLPMA Section 603 study process, is defined by an extensive system of deep and winding canyons.

27. The Desolation Canyon WSA contains abundant naturalness and solitude, enhanced by its size, terrain, and vegetation, including ample vegetative screening throughout the area.

28. The Desolation Canyon WSA's supplemental values include scenic, geologic, ecologic, historic, and archaeological values.

29. The Jack Canyon WSA, established via the FLPMA Section 603 study process, contains highly dissected terrain and important habitat for wildlife such as Rocky Mountain bighorn sheep, elk, cougar, and black bear, and nesting populations of Mexican spotted owl, a federally-listed threatened species.

30. Vegetative screening, which is primarily pinyon and juniper woodland, provides significant opportunities for solitude throughout most of the Jack Canyon WSA.

31. To comply with its directives under FLPMA not to impair the suitability of WSAs for future preservation as wilderness, BLM released Handbook H-8550-1, *Interim Management Policy for Lands Under Wilderness Review* (IMP), which included specific guidance and established a non-impairment standard for BLM to follow in managing WSAs.

32. BLM manages all lands within the Price Field Office boundaries according to the land use planning and implementation-level decisions described in the 2008 Price Field Office Record of Decision and Approved Resource Management Plan (Price RMP).

33. The 2008 Price RMP instructs BLM to manage all WSAs according to the IMP, last updated in 1995.

34. In 2012, BLM published BLM Manual 6330, *Management of Wilderness Study Areas*, which replaced the IMP in its entirety and is to be substituted by BLM wherever the IMP formerly applied.

35. According to Manual 6330, any activity proposed by BLM within a WSA must be either non-impairing or fall under a listed exception. BLM Manual 6330 § 1.6(C)(1), at 1-10.

36. To be non-impairing, all uses within a WSA must be both temporary and not create surface disturbance. If a use does not meet this standard of non-impairment, it may fall under one of seven allowable exceptions, articulated in Manual 6330.

37. If a use does not meet the non-impairment standard, but meets one of these limited exceptions, BLM will endeavor to allow only the least impairing activities that facilitate the use, in order to avoid unnecessary impacts to wilderness characteristics.

**III.   The Tavaputs Plateau Project**

38. The public was first notified about the Tavaputs Project in the spring of 2017.

39. Initial materials provided to the public included a map outlining the general proposed project area and a brief description of BLM's project goals:

> This project will promote resilience to primary sagegrouse [sic] habitat within an approximately 4,048 acre footprint on the Tavaputs Plateau. Encroaching pinyon-juniper trees will be thinned, shredded and burned using various treatment methods including; thin-pile-burn, lop & scatter bullhog and seeding.

40. SUWA submitted scoping comments on the Tavaputs Project on May 26, 2017. In its comment letter, SUWA explained both the need for a robust environmental analysis and emphasized BLM's duties to comply with its mandate under FLPMA to manage WSAs so as not to impair the suitability these areas for preservation as wilderness. Specifically, SUWA's

9

comment letter stated that the "Tavaputs EA must clearly document how the treatments proposed as part of the Tavaputs project comply with BLM Manual 6330 regarding WSAs. Otherwise, BLM should exclude the [WSAs] from the proposed project area."

41. On April 3, 2018, SUWA met with BLM staff, including Price Field Office Manager Christopher Conrad, at the agency's office in Price, Utah. At that meeting BLM provided an update on its ongoing environmental analysis and SUWA reiterated its objections to the project, including that surface-disturbing activities were still planned within the WSAs.

42. The Tavaputs Plateau Sage-Grouse Habitat Restoration Draft Environmental Assessment (hereinafter the "Draft Environmental Assessment") was released on July 20, 2018 for public review and comment.

43. On August 20, 2018, SUWA submitted timely comments on the Draft Environmental Assessment. These comments explained that vegetation treatments are only permitted in WSAs if they meet BLM Manual 6330's non-impairment standard or one of the manual's specifically-enumerated, limited exceptions:

> [T]he Tavaputs Project EA attempts to establish that BLM may conduct surface-disturbing, WSA-impairing activities within WSAs in the project area because it meets one of the exceptions pertaining to vegetation treatments in Manual 6330. This is simply not true. Contrary to BLM's assertions, large-scale vegetation removal via mechanical methods and seeding of non-native species will not "protect and enhance wilderness characteristics," nor are they "actions taken to recover a federally listed threatened, endangered, or candidate species . . . ."

44. On September 5, 2018, BLM released its Final EA and FONSI-DR for the Tavaputs Project.

45. Phase I of the Tavaputs Project was completed in the fall of 2018 and did not occur within any WSAs. All vegetation treatments (e.g. bull-hogging) within WSAs would

occur during Phase II of the Tavaputs Project. Based on information and belief, Phase II has not yet been implemented.

## CAUSE OF ACTION
### Violation of FLPMA and APA
*(Failure to Comply with Price RMP Requirements for Management of Wilderness Study Areas)*

46. SUWA incorporates by reference all preceding paragraphs.

47. FLPMA and its implementing regulations require BLM to "manage the public lands… in accordance with the land use plans developed by [the agency]." 43 U.S.C. § 1732(a); *see also* 43 C.F.R. § 1610.5-3 ("All future resource management authorizations and actions . . . shall conform to the approved plan.").

48. FLPMA and its implementing regulations impose an obligation on BLM to manage WSAs "in a manner so as not to impair the suitability of such areas for preservation as wilderness." 43 U.S.C. § 1782(c). BLM promulgated Handbook H-8550-1, *Interim Management Policy for Lands Under Wilderness Review* (IMP), to instruct the agency in fulfilling this obligation.

49. BLM's applicable land use plan, the 2008 Price RMP, explicitly incorporates the IMP as the standard for management of all WSAs within the Price Field Office.

50. The IMP was replaced in its entirety by Manual 6330.

51. Any activity proposed by BLM in a WSA must be either non-impairing or fall under a listed exception. BLM Manual 6330 § 1.6(C)(1), at 1-10.

52. BLM violated FLPMA by authorizing surface-disturbing activities within the Jack Canyon and Desolation Canyon WSAs that do not meet one of Manual 6330's exceptions to BLM's non-impairment mandate.

53. BLM's decision to issue the DR-FONSI and approve the Tavaputs Project violates FLPMA and its regulations, and is arbitrary and capricious, and contrary to law in violation of 5 U.S.C. § 706(2)(A).

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully prays that this Court enter judgment in its favor and against Defendants, the United States Department of the Interior, BLM, and Christopher Conrad, in his official capacity as Price Field Office Manager, and that the Court:

1. Declare that Defendants approved the Tavaputs Project in violation of FLPMA and its implementing regulations and the APA;

2. Declare that Defendants approved the Tavaputs Project in violation of NEPA and its implementing regulations and the APA;

3. Award injunctive relief directing Defendants to rescind approval of the Tavaputs Plateau Sage-Grouse Habitat Restoration Project FONSI-DR, DOI-BLM-UT-G020-2017-0018-EA (Sept. 2017), and prohibiting Defendant BLM from re-authorizing the project within the Jack Canyon and Desolation Canyon WSAs until BLM:

    a. complies with its obligations under FLPMA, its implementing regulations and Manual 6330;

4. Retain jurisdiction of this action to ensure compliance with the Court's decree;

5. Award Plaintiff the costs it has incurred in pursuing this action, including attorneys' fees, as authorized by the Equal Access to Justice Act, 28 U.S.C. § 2412(d), and other applicable provisions; and

6. Grant such other and further relief as is proper.

Dated: April 5, 2019			Respectfully submitted,

                                            /s/ Kya B. Marienfeld
                                            Kya B. Marienfeld
                                            Stephen H.M. Bloch
                                            Attorneys for Plaintiff
                                            Southern Utah Wilderness Alliance